NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BENJAMIN LEVINE, | : | |
| Plaintiff, | : | Civ. No. 02-5570 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| NEW JERSEY STATE DEPARTMENT OF COMMUNITY AFFAIRS, *et al.*, | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motions of defendant Michael Gupko for summary judgment and defendants City of New Brunswick, John Lynch, Thomas Flynn, and Bernard Schrum (referred to collectively with Gupko as "Defendants") for summary judgment and sanctions on pro se plaintiff Benjamin Levine's ("Plaintiff") complaint alleging deprivation of his constitutional rights under 42 U.S.C. § 1983. The Court has decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motions for summary judgment are granted and the motion for sanctions is denied.

**I. BACKGROUND**

The facts of this case are set forth in detail in the July 1, 2004 Memorandum and Order of Judge Lifland and were largely taken from Plaintiff's Complaint. For purposes of this Opinion, the facts can be summarized as stated in Magistrate Judge Falk's March 11, 2005 Memorandum

and Order denying Plaintiff's motion for reconsideration of Judge Lifland's Memorandum and Order: "This case arises out of an alleged improper foreclosure of [Plaintiff's] property located in New Brunswick [in 1986].  The parties have been litigating this dispute for many years.  On two prior occasions state court judges have granted summary judgment in favor of [D]efendants.  Appeals have affirmed the dismissals.  Plaintiff . . . filed the instant complaint on November 18, 2002."  On July 1, 2004, Judge Lifland granted defendants New Jersey State Department of Community Affairs, Bureau of Rooming and Boarding Homes; and Raymond Klama, Enforcement Officer's motion for summary judgment finding that Plaintiff's claims were barred by the applicable statute of limitations.

On or about January 27, 2005, defendant Gupko moved for summary judgment on Plaintiff's Complaint.  On or about March 2, 2005, the remaining Defendants also moved for summary judgment and for sanctions against Plaintiff.  Plaintiff has not filed opposition to either motion.

## II. DISCUSSION

A.  Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.  56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether "there are any genuine factual issues

that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

>Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

>>When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof on a claim.  Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be

"supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the

4

statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted).  However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error."  Id. (citation omitted).

      B.  Defendants' Motions for Summary Judgment are Granted Because Plaintiff's Claims are Time Barred

Defendant Gupko seeks summary judgment on Plaintiff's Complaint because it was filed outside of the applicable statute of limitations.  Plaintiff's Complaint alleged nine counts, with all but one count alleging claims jointly against all Defendants.  Only Count V specifically singled out defendant City of New Brunswick in alleging the imposition of fraudulent penalties, fines, and liens to justify the taking of Plaintiff's home.

Judge Lifland's July 1, 2004 Memorandum and Order granted summary judgment in favor of defendants New Jersey State Department of Community Affairs, Bureau of Rooming and Boarding Homes; and Raymond Klama, Enforcement Officer, for the entirety of Plaintiff's Complaint on the basis that the claims were time barred.  Specifically, Judge Lifland found that the applicable statute of limitations period governing an action under Section 1983 is two years, pursuant to New Jersey's personal injury statute; accrual of the claims occurred in 1986 or, at the latest, 1990; and that equitable tolling is inapplicable to these claims.  (See Levine v. New Jersey State Dep't of Cmty. Affairs, Civ. No. 02-5570, slip op. at 6-12 (D.N.J. July 1, 2004)).  Given the dismissal of Plaintiff's claims against the other defendants on statute of limitations grounds, it follows that the identical claims against Gupko are subject to the identical statute of limitations.  Therefore, the claims alleged against Gupko are dismissed on the same grounds.

The remaining Defendants seek summary judgment on grounds other than that the claims are barred under the statute of limitations. However, Plaintiff had notice of Gupko and the remaining Defendants' respective motions for summary judgment, yet Plaintiff failed to file any opposition to either motion. Therefore, the Court is within its authority to *sua sponte* grant the remaining Defendants' motion for summary judgment on statute of limitations grounds as to the identical claims dismissed against the other defendants. See Asbury Park Bd. of Educ. v. Hope Acad. Charter Sch., 278 F. Supp. 2d 417, 420 n.2 (D.N.J. 2003)(citations omitted).

The remaining claim alleged solely against the City of New Brunswick is also dismissed for being time barred as it alleges a claim of fraud, apparently under state law. Judge Lifland noted the two-year statute of limitations applicable therein, see Levine, supra, at 11, but did not address that Count because the City of New Brunswick was not a moving party at that time. However, the City of New Brunswick has moved for summary judgment on Plaintiff's Complaint in the instant motion and it is therefore granted with respect to Count V on the same grounds.

Therefore, Defendants' motions for summary judgment are granted with respect to all counts of the Complaint and the Complaint is dismissed on statute of limitations grounds.[1]

C. Defendants' Motion for Sanctions is Denied

Defendants, with the exception of Gupko, additionally moved for sanctions against Plaintiff due to his allegedly vexatious conduct. (See Defs.' Br. at 35.) Federal Rule of Civil Procedure 11 "authorizes imposition of sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose, e.g., 'to harass or to cause unnecessary

---

[1] Having granted summary judgment on statute of limitations grounds, the Court need not address the other grounds on which summary judgment was sought.

Case 2:02-cv-05570-GEB-MF   Document 58   Filed 04/20/06   Page 7 of 7 PageID: 823

delay or needless increase in the cost of litigation.'" Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995)(quoting Landon v. Hunt, 938 F.2d 450, 452 (3d Cir. 1991)). "Rule 11 sanctions are based on an objective standard of reasonableness under the circumstances," and bad faith is not required." Id. (citations omitted).

Although the Court may *sua sponte* enter an order to show cause regarding the imposition of sanctions, motions by parties seeking sanctions must be made separately from other motions and the proper procedure was not followed here. See Fed. R. Civ. P. 11(c)(1). Furthermore, the Court notes the potential inability to achieve the intended deterrent effect of Rule 11 sanctions with respect to the instant matter given that this case will be closed following entry of the Order accompanying this Memorandum Opinion. Therefore, the Court will deny Defendants' motion for sanctions, but without prejudice to Defendants bringing a formal motion for sanctions upon a further instance of Plaintiff engaging in conduct sufficient to meet the standards of Rule 11.

**III.  CONCLUSION**

For the foregoing reasons, Defendants' motions for summary judgment are granted and the motion for sanctions is denied. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 20, 2006

  s/ Garrett E. Brown, Jr.  
  GARRETT E. BROWN, JR., U.S.D.J.