<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BENJAMIN LEVINE, | : | |
| | : | Civ. No. 02-5570 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| NEW JERSEY STATE DEPARTMENT | : | |
| OF COMMUNITY AFFAIRS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon the motion of *pro se* plaintiff Benjamin Levine ("Plaintiff") for a "new trial" and the motion of defendants City of New Brunswick, John Lynch, Thomas Flynn, and Bernard Schrum (referred to collectively as "Defendants") for Rule 11 sanctions against Plaintiff. The Court has decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion for a new trial is denied and Defendants' motion for sanctions is granted.

## I. BACKGROUND

The facts of this case are set forth in detail in the July 1, 2004 Memorandum and Order of Judge Lifland and were largely taken from Plaintiff's Complaint. As stated in Magistrate Judge Falk's March 11, 2005 Memorandum and Order denying Plaintiff's motion for reconsideration of Judge Lifland's Memorandum and Order: "This case arises out of an alleged improper

foreclosure of [Plaintiff's] property located in New Brunswick [in 1986].  The parties have been litigating this dispute for many years.  On two prior occasions state court judges have granted summary judgment in favor of [D]efendants.  Appeals have affirmed the dismissals.  Plaintiff . . . filed the instant complaint on November 18, 2002."  On July 1, 2004, Judge Lifland granted defendants New Jersey State Department of Community Affairs, Bureau of Rooming and Boarding Homes; and Raymond Klama, Enforcement Officer's motion for summary judgment finding that Plaintiff's claims were barred by the applicable statute of limitations.

On or about January 27, 2005, defendant Gupko moved for summary judgment on Plaintiff's Complaint.  On or about March 2, 2005, the remaining Defendants also moved for summary judgment and for sanctions against Plaintiff.  Plaintiff did not file opposition to either motion.  On April 20, 2006, this Court granted the motions for summary judgment and denied the motion for sanctions without prejudice.

On April 27, 2006, Plaintiff filed a motion seeking a new trial under Federal Rule of Civil Procedure 59(a) and relief from the Court's April 20, 2006 Opinion and Order because of a clerical error under Rule 60(a).  In addition to filing opposition to Plaintiff's motion, defendants City of New Brunswick, John Lynch, Thomas Flynn, and Bernard Schrum filed a motion for sanctions against Plaintiff under Rule 11.  Defendants New Jersey State Department of Community Affairs and Raymond Klama filed opposition to Plaintiff's motion relying on the arguments of the City of New Brunswick.  Defendant Gupko joined in the opposition to Plaintiff's motion filed by the other defendants.

## II. STANDARDS

### A. Standard for Relief from Judgment

Federal Rule of Civil Procedure 60 authorizes the Court, on its own initiative or on the motion of any party, to correct clerical mistakes in judgments, orders, or other parts of the record. Fed. R. Civ. P. 60(a).  Additionally, Rule 60 permits the Court to relieve a party from a final judgment, order, or proceeding for reasons including, but not limited to, mistake, inadvertence, surprise, excusable neglect; newly discovered evidence; or fraud, misrepresentation, or other misconduct of an adverse party.  Fed. R. Civ. P. 60(b)(1)-(6).

Relief under Rule 60(b) is available "only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" Dietsch v. United States, 2 F. Supp. 2d 627, 631 (D.N.J. 1998)(citations omitted).  In fact, Rule 60(b) relief is "extraordinary, and [only] special circumstances may justify granting relief under it." Id. (quoting Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987)).

### B. Standard for Imposition of Rule 11 Sanctions

Federal Rule of Civil Procedure 11 was designed to discourage the filing of frivolous, unsupported, or unreasonable claims.  Napier v. Thirty or More Unidentified Federal Agents, etc., 855 F.2d 1080, 1090-91 (3d Cir. 1988).  Whenever an attorney or unrepresented party presents a pleading, written motion, or any other paper, to a court, he or she is certifying that to the best of their knowledge, information, and belief, formed after a reasonable inquiry under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

3

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or , if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b).

Sanctions must be limited to what is sufficient to deter such conduct in the future and may consist of, or include, directives of a non-monetary nature, an order to pay a penalty info court, or if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.  Fed. R. Civ. P. 11(c)(2).

The Third Circuit has determined that the legal standard applicable to determining whether conduct violates Rule 11 is "reasonableness under the circumstances."  Ford Motor Co. v. Summit Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991)(citations omitted).  In this context, reasonableness has been defined as "an objective knowledge or belief at the time of filing of a challenged paper that the claim was well grounded in law and fact."  Id.  Furthermore, bad faith is not required.  Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995)(citation omitted).

## III. DISCUSSION

### A. Plaintiff has Failed to Submit Evidence in Support of the Motion

As a preliminary matter, the Court notes that, as Defendants asserted, this action had been

4

resolved pursuant to Defendants' separate motions for summary judgment and not through a trial. Rule 59 authorizes the Court to grant a new trial "in an action in which there has been a trial by jury, . . . and . . . in an action tried without a jury." Fed R. Civ. P. 59(a). As this action was neither tried by a jury nor tried without a jury, but resolved through pre-trial motion practices, the explicit language of the Rule does not apply here. Consequently, Plaintiff's motion for a new trial pursuant to Rule 59(a) is improper and therefore denied.

As to Plaintiff's motion for relief from judgment due to clerical errors pursuant to Rule 60, Plaintiff asserts that the Discovery Rule would have precluded the Court's determination that the Complaint was filed outside of the statute of limitations. Additionally, Plaintiff asserts evidence of a conspiracy leading to the taking of his property. Furthermore, Plaintiff asserts that the Court erred in stating that he did not file opposition to Defendants' motions for summary judgment when granting those motions.

Many of Plaintiff's arguments have been raised before the Court in previous filings. First, Plaintiff again asserts that the Discovery Rule is applicable to this action, despite Judge Lifland's conclusion to the contrary. Second, Plaintiff's assertions of conspiracy urge the Court to consider deposition testimony already considered by the Court. Finally, although Plaintiff claims that he filed opposition to Defendants' motions for summary judgment, none were received by the Court previously and it is improper to call that a "clerical error" warranting relief from judgment.

The Court concludes that Plaintiff's arguments are not proper in the instant motion and more appropriate for the regular appellate process. Consequently, Plaintiff's motion for a new trial or for relief from judgment is denied.

B.  <u>Non-Monetary Rule 11 Sanctions are Warranted Against Plaintiff</u>

Defendants had previously sought the imposition of sanctions against Plaintiff under Rule 11 in conjunction with their summary judgment motions.  However, the Court reasoned that the grant of summary judgment was sufficient to deter further filings by Plaintiff and denied Defendants' motion for sanctions, but without prejudice to Defendants bringing a formal motion for sanctions upon a further instance of Plaintiff engaging in conduct sufficient to meet the standards of Rule 11.  Following Plaintiff's filing of the above motion for a new trial or relief from the Court's Order, Defendants filed a formal motion for sanctions.

Here, the Court agrees that Plaintiff's conduct warrants the imposition of Rule 11 sanctions.  As stated above, numerous courts on both the state and federal level have addressed Plaintiff's claims and Plaintiff's repeated filings have necessitated further proceedings in this action at the expense of the Court's resources and that of the adverse parties.  Here, however, Plaintiff asserts in his motion for a new trial that the Court erred in stating that Plaintiff did not file opposition to Defendants' motions for summary judgment.

If Plaintiff truly filed opposition to Defendants' motions, it can only be attributable to Plaintiff's actions that neither the Court nor other parties received copies of those submissions.  To that end, the Court is reluctant to impose severe sanctions upon a pro se Plaintiff.  Nonetheless, Plaintiff's persistent non-meritorious filings in this action must be addressed and the Court concludes that, as authorized by Rule 11, a non-monetary directive is sufficient.  Consequently, Plaintiff is directed not to file further motions with this Court in this action.  Any further submissions should be addressed to the Court of Appeals.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a new trial or relief from judgment is denied and Defendants' motion for sanctions is granted.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: July 11, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.